UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | |
| MAURICE A. BROWN<br>MARIO D. BROWN | NO. 10-100-BAJ-SGR |

**RULING ON MOTION FOR RELEASE PENDING APPEAL**

Maurice Brown, defendant in the above-captioned matter, was convicted by a jury on eleven charges, and has been sentenced to incarceration for a period of 120 months.[1] The defendant is scheduled to report to the Bureau of Prisons on November 14, 2011. Pursuant to 18 U.S.C. § 3143, the defendant now petitions the Court to continue his existing bail and supervised release status pending his appeal (doc. 184). The Government has filed an opposition to the defendant's motion (doc. 186). Having reviewed the filings of both parties, the Court determines that the defendant's motion should be denied.

A defendant's release status pending appeal is governed by the provisions of 18 U.S.C. § 3143(b). The Fifth Circuit has recognized that this statute reflects a congressional intent "to substantially limit the availability of bail pending appeal." *U.S. v. Valera-Elizondo*, 761 F.3d 1020, 1025 (5th Cir. 1985). A convicted defendant has no constitutional right to bail. *U.S. v. Olis*, 450 F.3d 583, 585 (5th Cir. 2006). To

---

[1] The defendant was convicted on charges of mail fraud, wire fraud, use of an interstate facility in aid of racketeering, and violation of the Racketeer Influenced Corrupt Organizations Act (RICO).

obtain release pending appeal, a convicted defendant must establish four factors: (1) that he is not likely to flee or pose a danger to the safety of others; (2) that the appeal is not for purpose of delay; (3) that the appeal raises a substantial question of law or fact; and (4) that the substantial question, if decided favorably to the defendant, is likely to result in reversal, in an order for a new trial, in a sentence without punishment, or in a sentence with reduced imprisonment. *U.S. v. O'Keefe*, 169 F.3d 281 (5th Cir. 1999). These factors are conjunctive, so that the absence of any one will prevent release. *U.S. v. Clark*, 917 F.3d 177, 179 (5th Cir. 1990). The burden of establishing the criteria enumerated in § 3143(b) rests with the defendant. *U.S. v. Crabtree*, 754 F.2d 1200, 1201 (5th Cir. 1985).

The Court finds that the defendant has failed to establish facts supporting the existence of either the third or fourth factor, namely, that the appeal raises a substantial question of law or fact, and that a decision on such a substantial question in the defendant's favor would result in reversal, a new trial, a sentence without imprisonment, or reduced imprisonment. A 'substantial question of law or fact' for purposes of § 3143(b) has been construed as one that is "close" or "that could very well be decided the other way." *U.S. v. Clark*, 917 F.3d 177 (5th Cir. 1990). The defendant's motion describes the defendant's lack of violations while on release, his ties to the community, and the non-violent nature of the offenses of which he has been convicted. However, the defendant's motion does not specify any particular issue of law or fact that will be raised on appeal, nor does the motion demonstrate grounds upon which an appellate court could grant a new trial,

reversal, or sentence reduction. Having raised no issues of law or fact for this Court to consider, the defendant fails to meet the burden of proof required by 18 U.S.C. § 3143(b).

Accordingly, for the reasons stated herein, the defendant's motion for continuation of bail and supervised release pending appeal (doc. 184) is **DENIED**.

Baton Rouge, Louisiana, November 10, 2011.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA